**Peter JEFFERSON, Plaintiff—
Appellant,**

v.

**John TUTEUR, Assessor of Napa
County, Defendant—
Appellee.**

No. 06–15406.

United States Court of Appeals,
Ninth Circuit.

Submitted Dec. 5, 2007 *.

Filed Dec. 19, 2007.

Carleton L. Briggs, Esq., Santa Rosa,
CA, Russell A. Robinson, Law Offices, San
Francisco, CA, for Plaintiff-Appellant.

Gary M. Lepper, Esq., Lepper & Har-
rington, Walnut Creek, CA, for Defen-
dant–Appellee.

Before: FARRIS, BEEZER, and
THOMAS, Circuit Judges.

MEMORANDUM **

Peter Jefferson appeals the district
court's order granting summary judgment

---

* The panel unanimously finds this case suitable
for decision without oral argument. *See* Fed.
R.App. P. 34(a)(2).

** This disposition is not appropriate for publi-
cation and is not precedent except as provid-
ed by 9th Cir. R. 36–3.

in favor of John Tuteur. We review de novo, *Qwest Commc'ns., Inc. v. City of Berkeley,* 433 F.3d 1253, 1256 (9th Cir. 2006), and affirm. The parties are familiar with the facts and we do not repeat them here.

▉ Jefferson alleges that Tuteur, the Napa County assessor, deprived Jefferson of property by failing to issue a notice of reassessment of his property. A protected property interest is present when an individual has a reasonable expectation of entitlement deriving from "existing rules or understandings that stem from an independent source such as state law." *Bd. of Regents v. Roth,* 408 U.S. 564, 577, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Jefferson's property has been properly reassessed and he has received tax refunds based upon that reassessment. Jefferson was awarded attorney's fees based upon Tuteur's earlier failure to properly carry out the Napa County Superior Court's order. Jefferson received actual notice of the reassessment and successfully applied for a reduction in the reassessed property's valuation. Jefferson fails to show that he has been deprived of any constitutionally cognizable property interest.

▉ Jefferson alleges that Tuteur retaliated against him for exercising his right to petition for redress of grievances. Deliberate retaliation by state actors against an individual's exercise of the right to petition is actionable under 42 U.S.C. section 1983. *Soranno's Gasco, Inc. v. Morgan,* 874 F.2d 1310, 1314 (9th Cir.1989). There is no evidence in the record that retaliation was a substantial or motivating factor in Tuteur's failure to issue the notice of reassessment. *See Mt. Healthy City Sch. Dist. Bd. of Educ. v. Doyle,* 429 U.S. 274, 287, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977). Even if Tuteur's actions were motivated by retaliation, Jefferson was not actually deprived of any constitutional rights. He successfully petitioned the Board for a new valuation of his property. Without an actual deprivation of a constitutional right, Jefferson's section 1983 claim for retaliation fails. *Soranno's Gasco, Inc.,* 874 F.2d at 1313–14.

The district court did not abuse its discretion in denying Jefferson's motion to amend his complaint because amendment would have been futile. *See Saul v. United States,* 928 F.2d 829, 843 (9th Cir.1991).

**AFFIRMED.**